# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DONALD RAY THOMAS,<br>　　　　　Appellant, | DOCKET NUMBER<br>AT-0831-15-0226-I-1 |
| 　　　　　v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　Agency. | DATE: September 28, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Wen Houqiong Thomas, Longs, South Carolina, for the appellant.

Christopher H. Ziebarth, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying his request to elect a survivor annuity for his current spouse. Generally, we grant petitions such as this one only when:　the initial decision

---

[1]　A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.　Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.　In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.　*See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    The appellant retired from Federal service under the Civil Service Retirement System (CSRS) in 1997.  Initial Appeal File (IAF), Tab 9 at 36.  When he retired, the appellant was unmarried and, on his retirement application, he elected an annuity payable only during his lifetime.  *Id.*  The appellant married his current spouse on July 16, 1999.  *Id.* at 31.  The evidence provided by OPM reflects that, in December 1999, and December 2000, it sent notices to the appellant informing him that, if he married subsequent to his retirement, he had 2 years from the date of his marriage to elect a survivor annuity for his new spouse.  *Id.* at 12-13, 16-17 (December 1999 notice); IAF, Tab 15 at 5-6 (December 2000 notice).  Approximately 7 years after the marriage, on July 31, 2006, the appellant sent a request to OPM seeking to elect a survivor annuity for his spouse.  IAF, Tab 9 at 30.  OPM denied the request in an August 31, 2006 initial decision, which the appellant purportedly never received.  *See id.* at 19; IAF, Tab 2 at 20.  In July 2013, the appellant submitted a second request and, in

an initial decision dated July 15, 2013, OPM denied the request because the appellant had failed to make the election within 2 years of his marriage. IAF, Tab 2 at 19, Tab 9 at 29. The appellant requested reconsideration of the second initial decision. IAF, Tab 9 at 19. After an intervening Board appeal regarding the timeliness of the appellant's request for reconsideration, OPM issued a July 24, 2014 reconsideration decision denying the appellant's request on the ground that he had failed to timely elect a survivor annuity within 2 years of his marriage.[2] *Id.* at 10-11.

¶3      In December 2014, the appellant appealed the July 24, 2014 reconsideration decision to the Board, stating that he did not receive the reconsideration decision until on or about December 6, 2014.[3] IAF, Tab 1 at 5. He did not request a hearing. *Id.* at 2. In an initial decision based on the written record, the administrative judge affirmed OPM's reconsideration decision, finding that the appellant did not make a timely election of survivor annuity benefits and that there was no basis to waive the statutory deadline. IAF, Tab 16, Initial Decision (ID). The appellant has petitioned for review, OPM has responded in opposition

---

[2] OPM dismissed the appellant's request for reconsideration in an October 31, 2013 reconsideration decision, stating that his request for review of the August 31, 2006 initial decision was untimely filed by 7 years. IAF, Tab 2 at 17-18. The appellant appealed the reconsideration decision to the Board, and the administrative judge vacated OPM's final decision and remanded the matter to OPM for a final appealable decision regarding the appellant's election of a survivor annuity benefit for his spouse. *Id.* at 8-11; *see Thomas v. Office of Personnel Management*, MSPB Docket No. AT-0831-14-0202-I-1, Initial Decision (May 5, 2014). Pursuant to the remand instruction, OPM issued the July 24, 2014 reconsideration decision, which is now on review. *See* IAF, Tab 9 at 10-11.

[3] Although the appellant filed the appeal outside of the 30-day time limit for appealing reconsideration decisions to the Board, OPM did not challenge the timeliness of the appellant's Board appeal or his contention that he did not receive a copy of the reconsideration decision until December 2014. *See* IAF, Tab 9 at 4-5. The administrative judge did not make a specific finding as to the timeliness of the appellant's Board appeal. *See* IAF, Tab 12. As the agency has not challenged the timeliness of the appeal either below or on review, and this matter can be decided on the merits, we discern no need to address the timeliness issue. *See Ferrin-Rodgers v. U.S. Postal Service*, 115 M.S.P.R. 140, ¶ 7 (2010).

to the petition for review, and the appellant has submitted a reply.  Petition for Review (PFR) File, Tabs 1, 5-6.

¶4      When a Federal annuitant is unmarried at the time of his retirement under CSRS but marries after retirement, he may elect to provide a survivor annuity for his spouse within 2 years after his marriage.  5 U.S.C. § 8339(k)(2)(A); 5 C.F.R. § 831.631(b)(1).  On review, the appellant acknowledges that he did not contact OPM to elect a survivor annuity for his spouse until July 2006, approximately 7 years after the July 1999 marriage.  *See* PFR File, Tab 1 at 4.  He seeks a waiver of the filing deadline, however, based on his lack of knowledge of the deadline to elect a survivor annuity and the financial hardship that will befall his spouse if he is unable to provide a survivor annuity for her.  *See id.* at 4-6.  The appellant also asserts that his spouse never gave him consent to provide her less than the maximum current survivor spouse annuity, as discussed in chapter 52 of the CSRS/Federal Employees' Retirement System Handbook.  *Id.* at 5, 11.

¶5      The Board has recognized three bases for waiving a filing deadline prescribed by statute or regulation:  (1) the statute or regulation may provide for a waiver under specified circumstances; (2) an agency's affirmative misconduct may preclude enforcement of the deadline under the doctrine of equitable estoppel; and (3) an agency's failure to provide a notice of rights and the applicable filing deadline, where such notice is required by statute or regulation, may warrant a waiver of the deadline.  *Perez Peraza v. Office of Personnel Management*, 114 M.S.P.R. 457, ¶ 7 (2010).  For the reasons discussed below, however, we find that the appellant has not established that he is entitled to waiver of the 2-year filing deadline to elect a survivor annuity for a new spouse.

¶6      First, the applicable statute and regulation do not provide for waiver of the filing deadline on the basis of an annuitant's misunderstanding of the time limit or on the basis of potential financial hardship if the election is not allowed.  *See* 5 U.S.C. § 8339; 5 C.F.R. § 831.631.  Moreover, although the appellant asserts that his spouse never gave him consent to provide her less than the

maximum current survivor spouse annuity, the requirement for spousal consent pertains only to employees who are married *at the time of retirement*.  5 U.S.C. § 8339(j)(1).  It is undisputed that the appellant was unmarried when he retired in 1997 and, thus, the spousal consent requirement did not apply to his situation and provides no basis for waiver of the filing deadline.

¶7        Second, the appellant does not allege affirmative misconduct by OPM that may preclude enforcement of the 2-year deadline under the doctrine of equitable estoppel.  Further, there is no evidence in the record to suggest that OPM engaged in any affirmative misconduct that could have affected the appellant's ability to timely elect a survivor annuity for his new spouse.  Thus, no waiver is warranted on the basis of affirmative misconduct.

¶8        Finally, OPM has a statutory obligation to notify each annuitant annually of his or her election rights under 5 U.S.C. § 8339(j) and (k)(2).  *Fox v. Office of Personnel Management*, 98 M.S.P.R. 72, ¶ 7 (2004).  In appeals concerning the question of whether OPM sent such notification, OPM has the burden of proving both that it sent the annual notice and the contents of the notice.  *Id*.  The appellant then must present credible testimony or other evidence supporting the contention that he or she did not receive the annual notice.  *Id*.  Here, the administrative judge concluded that the appellant was not entitled to waiver based on lack of statutory notice because OPM met its burden of proving that it sent the appellant the appropriate notices and that he did not dispute receiving them.  ID at 3-5.  On review, the appellant does not challenge this finding.  *See* PFR File, Tabs 1, 6.  Nonetheless, we have considered the record evidence and agree with the administrative judge's finding.  First, we agree that OPM met its burden of proof by submitting an affidavit by the administrator of the contract for printing and distribution of forms and notices for OPM's Retirement and Insurance Service, which described the system by which annual notices regarding survivor elections were sent to annuitants, with copies of the December 1999 and December 2000 notices attached.  *See* IAF, Tab 9 at 12-13, 16-17, Tab 15 at 5-6;

*see also Fox*, 98 M.S.P.R. 72, ¶¶ 8-9 (finding that a virtually identical affidavit satisfied OPM's burden of proof).  Second, we agree that the appellant failed to rebut this showing.  *See* ID at 5.  Although the appellant alleged below that he did not receive the notices, *see, e.g.*, IAF, Tab 2 at 1, his wife, acting as his representative, later stated only that the appellant did not "recall" receiving them, IAF, Tab 13.  Moreover, the appellant did not submit any evidence or credible testimony to support his contention that he did not receive the annual notices.  Accordingly, we conclude that the administrative judge correctly found that the appellant is not entitled to waiver of the filing deadline for electing a survivor annuity for his spouse.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.